UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG WILLIAM VOSS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BRIAN BAKER,<br><br>　　　　Defendant. | Case No. 1:17-cv-00626-EPG (PC)<br><br>ORDER DENYING MOTION TO COMPEL, GRANTING MOTION TO OPEN LIMITED DISCOVERY, AND GRANTING MOTIONS FOR ISSUANCE OF SUBPOENA UPON BOARD OF VOCATIONAL NURSING<br><br>(ECF NOS. 15, 16, 17, & 18)<br><br>THIRTY DAY DEADLINE |

　　　　Craig Voss ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding against defendant Baker on Plaintiff's claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment and for retaliation in violation of the First Amendment. (ECF Nos. 1 & 11).

　　　　After Plaintiff submitted the service documents, the Court ordered the United States Marshals Service ("USMS") to serve defendant Baker. (ECF No. 13). On September 26, 2017, the summons was returned unexecuted. (ECF No. 14).

　　　　On October 5, 2017, Plaintiff filed a motion to compel the California Department of Corrections and Rehabilitation ("CDCR") and the USMS to comply with the Court's order directing the USMS to serve defendant Baker, and for the Court reorder service on defendant Baker ("Motion to Compel"). (ECF No. 15). On that same day Plaintiff filed a motion for the issuance of a subpoena upon the Board of Vocation Nursing and for the USMS to serve the

1

subpoena.[1] (ECF No. 16). On October 12, 2017, Plaintiff filed a motion for the opening of limited discovery for the purpose of serving defendant Baker ("Motion to Open Limited Discovery"). (ECF No. 17).

These motions are now before the Court. The Court will deny the Motion to Compel, but will grant Plaintiff's Motion to Open Limited Discovery and Plaintiff's Motions for Subpoena.

As to the Motion to Compel, Plaintiff states that the USMS obtained an address from the CDCR, but "proceeded no further." (ECF No. 15). Plaintiff asks that the Court order the USMS to execute the Court's order. Plaintiff also asks the Court to order the CDCR's legal affairs division to disclose if defendant Baker is still an employee of the CDCR, and if so, to fully comply and assist the USMS in locating defendant Baker.

Plaintiff's Motion to Compel will be denied. Plaintiff appears to misstate the facts. The USMS not only obtained an address, but also attempted to serve defendant Baker at that address by mailing a waiver of service packet. (ECF No. 14). The packet was "returned to sender. 'Unable to forward.'" (Id.). Accordingly, it appears that the USMS already complied with the Court's order by attempting to serve defendant Baker.

As to the request that the Court order the CDCR to disclose if Mr. Baker is an employee of the CDCR, it appears that Plaintiff is actually asking for discovery. If Plaintiff wishes to get information from the CDCR, he may request a third party subpoena.[2] Because it is unclear whether defendant Baker is currently employed by the CDCR, and because the CDCR is not a defendant in this case, the Court will also deny Plaintiff's request to order the CDCR to fully comply and assist the USMS in locating defendant Baker.

As to Plaintiff's Motion to Open Limited Discovery, the Court will grant the motion because discovery is necessary to locate defendant Baker.

---

[1] Plaintiff filed a motion seeking identical relief on October 12, 2017. (ECF No. 18). The Court will collectively refer to these motions as "Motions for Subpoena."

[2] The Court notes that Plaintiff has now filed a motion requesting that a subpoena be issued upon the CDCR. (ECF No. 20).

As to Plaintiff's Motions for Subpoena, they will be granted. "Plaintiff requests that a subpoena be served on The Board of Vocational Nursing and Psychiatric Technicians, a division of the Department of Consumer Affairs, to assertain [sic] defendant Baker's current address and telephone contact information under seal for the purpose of assisting the United States Marshals Service in serving defendant Baker with the original complaint."[3] (ECF No. 16, p. 2).

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Here, Plaintiff is seeking information that will allow him to find the last known address of the defendant in this case. This information is relevant, and the burden and expense of producing documents that contain this information should be minimal. Thus, the Court shall grant Plaintiff's request[4] and will send him a subpoena *duces tecum* to complete and return.

---

[3] The Court notes that Plaintiff's subsequent motion (ECF No. 18) does not mention having the information provided under seal.

[4] The Court notes that Plaintiff also requests that, depending on the response to the subpoena, the response be noted on the record. (ECF No. 16, p. 2). However, responses to subpoenas are generally sent to the requesting party, not the Court. Accordingly, the Court cannot simply note the response on the record.

3

The Court notes that it may limit the scope of Plaintiff's document request.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Compel is DENIED;
2. Plaintiff's Motion to Open Limited Discovery is GRANTED;
3. Plaintiff's Motions for Subpoena are GRANTED;
4. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and
5. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **October 20, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4