UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG WILLIAM VOSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN BAKER,<br><br>　　　　Defendant. | Case No. 1:17-cv-00626-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF *WILLIAMS* DECISION<br><br>(ECF NOS. 1, 9, & 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Craig Voss ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 7). Based on a review of the docket, it appears that Defendant has not yet been served.

The Court previously screened Plaintiff's complaint. (ECF No. 9). The Court found that Plaintiff stated a cognizable claim against Defendant Baker for deliberate indifference to serious medical needs in violation of the Eighth Amendment and for retaliation in violation of the First Amendment, and dismissed all other claims. (ECF Nos. 9 & 11). Prior to the Court dismissing claims, Plaintiff agreed to proceed only on the claims found cognizable by the Court. (ECF No. 10).

As described below, in light of Ninth Circuit authority, this Court is recommending that the assigned district judge dismiss claims consistent with the order by the magistrate judge at the screening stage.

I.　　***WILLIAMS v. KING***

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a

claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." *Id.* at 501.

Here, Defendant was not served at the time the Court issued its order dismissing claims, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss claims based solely on Plaintiff's consent.

In light of the holding in *Williams*, this Court will recommend to the assigned district judge that he dismiss the claims previously dismissed by this Court, for the reasons provided in the Court's screening order.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting

this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is an inmate at the California Correctional Institution in Tehachapi, California. He is supposed to receive psychotropic medications at a central pill distribution window. On August 11, 2016, Plaintiff approached the window. Defendant Baker was tasked with distributing pills at that time. Defendant Baker motioned for Plaintiff to remove his sunglasses. Plaintiff told Defendant Baker that he had a prescription for the sunglasses, and offered to show Defendant Baker the prescription. Defendant Baker responded "I don't give a fuck faggot take them off." After further discussion, Defendant Baker ordered Plaintiff to go to the back of the line. When Plaintiff came to the front of the line again, Defendant Baker refused to dose Plaintiff's medication. Plaintiff then located a custody officer to request assistance. The officer ordered Defendant Baker to dose Plaintiff's medication. Defendant Baker complied five minutes later.

Later that day, Defendant Baker entered Plaintiff's dorm, ordered Plaintiff to exit his bunk area, and searched Plaintiff's bunk area. Defendant Baker removed various medications, which had been prescribed to Plaintiff. When Plaintiff confronted Defendant Baker, Defendant Baker said "You're a crazy faggot and cannot be trusted with carry medications anymore." When Plaintiff explained his need for the medications, Defendant Baker responded "You don't know who the fuck you're fucking with do you?"

Defendant Baker also discussed Plaintiff's medications in a loud and non-confidential way so that other inmates could hear, including saying "What's wrong? You don't want all your little buddies to know that your little pecker doesn't work or that you've got a weak

3

ticker[?]" Defendant Baker also discussed the name of one of Plaintiff's family members in front of other inmates.

The next day, August 12, 2016, Plaintiff reported the events to Dr. Allan Yin and also submitted an inmate health care appeal. The prison investigated the appeal, deemed it a staff complaint, and elevated it to the local Internal Security Unit for investigation.

On October 30, 2016, Defendant Baker again operated one of the pill distribution windows. Pursuant to a plan Plaintiff developed with his advocate, Plaintiff approached the nearest custody officer and requested assistance. The custody officer escorted Plaintiff to another pill distribution window. Defendant Baker yelled "Oh hell no you can deal with me. I'm not going to let you manipulate staff. In fact I'm going to write your ass up!" Plaintiff alleges that he believed Defendant Baker was retaliating against Plaintiff for filing grievances against Defendant Baker and was attempting to intimidate Plaintiff.

Plaintiff brings the following causes of action: 1) An Eighth Amendment claim for "[d]eprivation of medication;" 2) A Fourteenth Amendment claim for "[d]isclosure of protected medical information;" 3) A First Amendment claim for "[r]etaliation/[i]ntimidation;" and 4) A state law claim for intentional infliction of emotional distress.

### IV. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los*

*Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

**B. Eighth Amendment Claim for Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi*, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106

The Court finds that Plaintiff has alleged a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment based on the allegations that Defendant Baker refused to provide necessary medication and also removed necessary medication from Plaintiff's bunk.

### C. Fourteenth Amendment Claim Regarding Disclosure of Protected Medical Information

The Supreme Court has spoken of the constitutional right to privacy of medical information without defining its contours. *See Whalen v. Roe,* 429 U.S. 589, 603-604 (1977) ("We hold that neither the immediate nor the threatened impact of the patient-identification requirements in the New York State Controlled Substances Act of 1972 on either the reputation or the independence of patients for whom Schedule II drugs are medically indicated is sufficient to constitute an invasion of any right or liberty protected by the Fourteenth

Amendment."); *NASA v. Nelson,* 562 U.S. 134, 138 (2011) ("We assume, without deciding, that the Constitution protects a privacy right of the sort mentioned in *Whalen* and *Nixon*. We hold, however, that the challenged portions of the Government's background check do not violate this right in the present case.").

The Ninth Circuit has described a prisoner's right to privacy of medical information as follows:

> "[I]mprisonment carries with it the circumscription or loss of many significant rights." Loss of privacy is an "inherent incident[ ] of confinement." "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order. We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security." We join our sister circuits in holding that prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them. The penological interest in access to whatever medical information there is regarding Seaton is substantial. Prisons need access to prisoners' medical records to protect prison staff and other prisoners from communicable diseases and violence, and to manage rehabilitative efforts.

*Seaton v. Mayberg,* 610 F.3d 530, 534–35 (9th Cir. 2010) (alternations in original) (footnotes omitted).

In the non-prisoner context, an earlier Ninth Circuit case stated that there is a "constitutionally protected privacy interest in avoiding disclosure of personal matters [that] clearly encompasses medical information and its confidentiality." *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1269 (9th Cir. 1998). In holding that nonconsensual testing for sensitive medical information violated a right to privacy, the Court explained:

> The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality. *Doe v. Attorney General of the United States,* 941 F.2d 780, 795 (9th Cir.1991) (citing *United States v. Westinghouse Elec. Corp.,* 638 F.2d 570, 577 (3d Cir.1980)); *Roe v. Sherry,* 91 F.3d 1270, 1274 (9th Cir.1996); *see also Doe v. City of New York,* 15 F.3d 264, 267–69 (2d Cir.1994). Although cases defining the privacy interest in medical information have typically involved its disclosure to "third" parties, rather than the collection of information by illicit means, it goes without

> saying that the *most basic* violation possible involves the performance of unauthorized tests—that is, the non-consensual retrieval of previously unrevealed medical information that may be unknown even to plaintiffs. These tests may also be viewed as searches in violation of Fourth Amendment rights that require Fourth Amendment scrutiny. The tests at issue in this case thus implicate rights protected under both the Fourth Amendment and the Due Process Clause of the Fifth or Fourteenth Amendments. *Yin v. California,* 95 F.3d 864, 870 (9th Cir.1996), *cert. denied,* 519 U.S. 1114, 117 S.Ct. 955, 136 L.Ed.2d 842 (1997).

*Id.* at 1269. *See also Planned Parenthood of Southern Arizona v. Lawall*, 307 F.3d 783, 789–90 (9th Cir. 2002) ("We next consider whether the statute violates a young woman's privacy interest in avoiding disclosure of sensitive personal information. *See Whalen v. Roe,* 429 U.S. 589, 599 600, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977). This interest, often referred to as the right to "informational privacy," *Ferm v. United States Trustee (In re Crawford),* 194 F.3d 954, 958 (9th Cir.1999), applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurance that such information will not be made public. *See Whalen*, 429 U.S. at 599 n. 24, 97 S.Ct. 869; *Norman–Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir.1998).").

Here, Plaintiff alleges that Defendant Baker violated his Fourteenth Amendment privacy right when Defendant Baker said "What's wrong? You don't want all your little buddies to know that your little pecker doesn't work or that you've got a weak ticker?" and "Do you know who Suzanne Voss is? I don't like the way you've manipulated her." Plaintiff does not allege the Defendant Baker disclosed any document or specific medical record.

The Court finds that the alleged conduct does not rise to a violation of Plaintiff's rights to substantive due process under the Fourteenth Amendment. Defendant Baker's comments, while harassing and potentially in violation of prison rules, are not specific enough to constitute a constitutional violation based on the legal standards discussed above. The Court has not located any case finding such a constitutional violation under similar circumstances. Rather, the cases involving a constitutional privacy interest concern involuntary disclosure of specific medical records. Not only do the circumstances in this case not involve medical records, they also do not involve a specific medical disclosure. Stating that "You don't want all your little

buddies to know that your little pecker doesn't work or that you've got a weak ticker?" is not a medical diagnosis. It is more akin to a general harassing allegation. It is also not clear that this general comment correctly reflected Plaintiff's medical condition. The comments were also not disclosed to any specific inmate. Rather, they were said in the presence of other inmates, who may or may not have been paying attention to these remarks. For these reasons, and based on the case law discussed above, Plaintiff's allegations even if true do not state a constitutional claim for violation of Plaintiff's Fourteenth Amendment rights.

### D. First Amendment Claim for Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has alleged a claim for retaliation under the First Amendment as to Defendant Baker. Plaintiff has alleged that Defendant Baker took the adverse action of yelling at Plaintiff and threatening to "write him up" in retaliation for Plaintiff filing grievances against Defendant Baker.

### E. Intentional Infliction of Emotional Distress

'[T]o state a cause of action for intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Gabrielle A. v. County of Orange*, 10 Cal.App.5th 1268, at *14 (2017) as modified (Apr. 18, 2017). "It has not been enough that the defendant has acted with an intent to inflict emotional distress, or even that his conduct has

been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Jackson v. Mayweather,* 10 Cal.App.5th 1240 (2017), as modified (Apr. 19, 2017) (2017)

The Court finds that Plaintiff's allegations, even if true, do not constitute intentional infliction of emotional distress under these legal standards. Plaintiff alleges that Defendant Baker used profane language in insisting that Plaintiff remove his sunglasses and not receive pills. Plaintiff also alleges that Defendant Baker searched his cell, removed his medication, and made harassing comments in front of other inmates. This conduct is not so outrageous and extreme, utterly intolerable in a civilized community, to rise to the level of intentional infliction of emotional distress under California law.

## V. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that all claims, except for Plaintiff's claims against Defendant Baker for deliberate indifference to serious medical needs in violation of the Eighth Amendment and for retaliation in violation of the First Amendment, be DISMISSED.[1]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

\\\

\\\

---

[1] The Court gave Plaintiff leave to amend when it initially screened Plaintiff's complaint. (ECF No. 9). Plaintiff opted to proceed on the claims found cognizable by the Court instead of filing an amended complaint. (ECF No. 10).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 14, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE