|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| CRAIG WILLIAM VOSS,<br><br>    Plaintiff,<br><br>  v.<br><br>BRIAN BAKER,<br><br>    Defendant. | Case No. 1:17-cv-00626-DAD-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO WITHDRAW AND MOTION FOR ISSUANCE OF SUBPOENA UPON CALIFORNIA DEPARTMENT OF MOTOR VEHICLES<br><br>(ECF NOS. 19, 20, 35, 40, 41, & 42)<br><br>THIRTY DAY DEADLINE |

Craig Voss ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding against defendant Baker on Plaintiff's claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment and for retaliation in violation of the First Amendment. (ECF Nos. 29 & 38).

After Plaintiff submitted the service documents, the Court ordered the United States Marshals Service ("USMS") to serve defendant Baker. (ECF No. 13). On September 26, 2017, the summons was returned unexecuted. (ECF No. 14). Subsequently, Plaintiff filed a motion to open discovery and several motions for the issuance of subpoenas. (ECF Nos. 17, 18, 19, & 20). The Court opened discovery so that Plaintiff could attempt to locate defendant Baker's current address, and granted Plaintiff's request for the issuance of a subpoena upon the Board of Vocational Nursing. (ECF No. 21).

On February 12, 2018, Plaintiff filed a motion to withdraw his motions for subpoenas to

be issued upon the Service Employees International Union Local 1000 ("SEIU") and California Department of Corrections and Rehabilitation ("CDCR") (ECF No. 40), a motion to withdraw his motion to compel (ECF No. 41), and a motion for the issuance of a subpoena upon the California Department of Motor Vehicles ("DMV") (ECF No. 42).

According to Plaintiff, he seeks to withdraw his motions for subpoenas to be issued upon the SEIU and CDCR because he no longer believes that the SEIU and CDCR have relevant information. Plaintiff seeks to withdraw his motion to compel because, after reviewing the Board of Vocational Nursing's response to the motion to compel, Plaintiff does not believe that the Board of Vocational Nursing has the information Plaintiff is seeking. Based on these representations, the Court will grant both of Plaintiff's motions to withdraw (ECF Nos. 40 & 41).

As to Plaintiff's motion for the issuance of a subpoena upon the DMV (ECF No. 42), it will also be granted.

Plaintiff seeks "all address data for Defendant Baker," as well as defendant Baker's telephone number(s). Plaintiff states that he now possesses enough information to identify defendant Baker when requesting information from the DMV, and that the DMV should have defendant Baker's current address.

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Here, Plaintiff is seeking information that will allow him to find the last known address of the defendant in this case. This information is relevant, and the burden and expense of producing documents that contain this information should be minimal. Thus, the Court shall grant Plaintiff's request and will send him a subpoena *duces tecum* to complete and return. The Court notes that it may limit the scope of Plaintiff's document request.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to withdraw his motions for subpoenas to be issued upon the SEIU and CDCR (ECF No. 40) is GRANTED;
2. Plaintiff's motion to withdraw his motion to compel (ECF No. 41) is GRANTED;
3. Plaintiff's motion for the issuance of a subpoena upon the DMV (ECF No. 42) is GRANTED;
4. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and
5. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **February 13, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE